UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOM MOORE,           )
                     )
       Plaintiff,    )
                     )
  vs.                )   06 C 5443
                     )
MICHAEL F. SHEAHAN, et al,  )
                     )
       Defendants.   )

# **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Cook County Sheriff Michael F. Sheahan ("Sheahan") and the County of Cook ("Cook County") to dismiss the complaint of Plaintiff Tom Moore ("Moore") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

# **BACKGROUND**

Because this case comes to us in the context of a motion to dismiss, we take all well-pleaded facts alleged in the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). On February 10, 2005, Moore was an inmate at Super Max Security, Division XI, at the Cook County Department of Corrections. That morning, in preparation to be transported to Division V, Moore was strip searched by Cook County

sheriffs in a "rec" room. Moore, along with approximately ten other inmates, was subsequently moved to a holding area by two sheriffs. In the holding area, a new shift of sheriffs engaged in a "shake down" procedure on Moore. The sheriffs then handcuffed Moore and placed him, along with the other inmates, on a transport.

On the transport, Moore was handcuffed and placed in a window seat approximately eight rows back from the front of the transport. The two sheriffs accompanying Moore and the inmates were seated in the front of the transport, across from the driver. While the transport was en route, Moore felt breathing on his neck and looked up. He was stabbed four to five times in the back and in the triceps with a shank.

Moore does not know who stabbed him, but knows that the stabber sat in the window seat across from Moore, one row behind him. According to Moore, the inmate who stabbed him handed the shank to another inmate, who threw it out the window. Moore walked to the front of the transport and communicated to the sheriffs that he had been stabbed. The sheriffs stopped the transport and called an ambulance, which took Moore to Mount Sinai Hospital for medical assistance.

On October 6, 2006, Moore filed this complaint against Sheahan, Cook County, and John Doe Sheriffs 1-4 ("John Doe Sheriffs"). He alleges that the defendants, under the color of law, deprived him of his rights under the United States Constitution by

acting with deliberate indifference towards him. He seeks compensatory damages for his physical and emotional injuries. Defendants Sheahan and Cook County have moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). Although this Court set a briefing schedule with respect to Defendants' motion, Moore has not filed a response.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

A complaint alleging violations of 42 U.S.C. § 1983, whether directed towards an individual or a municipality, is not subject to a heightened pleading standard of factual specificity. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 165, 170 (1993). Legal conclusions can suffice.

*McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). However, even under the *Leatherman* standard, a § 1983 complaint against a municipality must put the municipality on notice of the nature of the claim. *Id*. With these principles in mind, we consider the instant motion.

## **DISCUSSION**

Every § 1983 action must contain at least two elements. First, the conduct complained of must be committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Second, the conduct must have deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Id*.

In this case, Moore is complaining that Defendants failed to protect him from other inmates. Neither party has explained to this Court whether Moore was a prisoner or a pre-trial detainee at the time of his injury. Moore simply states he was an "inmate" at the Cook County Dept. of Corrections. For our purposes, however, the distinction is immaterial, as the standard for liability for prison officials for violating an inmate's Eighth Amendment rights is the same as the standard applicable as to pre-trial detainees under the Fourteenth Amendment. *Cavalieri v. Shepard,* 321 F.3d 616, 621 (7th Cir. 2003) (explaining that the "deliberate indifference" standard applies to both types of claims).

As Moore claims he was an "inmate," we will assume that he is raising a claim that his Eighth Amendment rights have been violated. *See Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). Not every injury suffered by a prisoner amounts to an Eighth Amendment violation. *Id.* Instead, to establish a claim that prison officials violated his Eighth Amendment rights, Moore must plead that "1) he suffered an objectively 'sufficiently serious' injury; and 2) he was 'incarcerated under conditions posing a substantial risk of serious harm.'" *Id*. (*citing Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Prison officials are only liable if 1) they knew that the inmate faces a serious risk of substantial harm, 2) they failed to take reasonable measures to abate that risk, and 3) that failure amounted to deliberate indifference. *Id*. "Deliberate indifference" requires that "the official knows of and disregards an excessive risk to inmate health or safety." *Del Raine v. Williford,* 32 F.3d 1024, 1051 (7th Cir. 1994) (*citing Farmer*, 511 U.S. at 837).

A.      Sheriff Sheahan and the John Doe Sheriffs

Moore alleges that the John Doe Sheriffs acted with deliberate indifference in monitoring, searching, and screening inmates, and that Sheahan's failure to train sheriffs in these tasks amounted to deliberate indifference. As Moore must first establish that he has stated a claim against the John Doe Sheriffs in order to recover any damages against Sheahan under a failure to train theory, we examine first the

allegations against the John Doe Sheriffs. *See Windle v. City of Marion, Ind.*, 321 F.3d 658, 663 (7th Cir. 2003).

Moore claims that the John Doe Sheriffs' failure to detect the weapon on the offending inmate was unreasonable, done with intent and/or deliberate indifference. Because Moore has alleged that the John Doe Sheriffs acted intentionally, Moore's complaint states a cognizable claim and therefore is enough to defeat Defendants' challenge at this stage.

Moore also seeks to hold Sheahan liable for his injuries under both 42 U.S.C. § 1983 and a theory of *respondeat superior*, alleging that Sheahan failed to train the John Doe Sheriffs to properly search and monitor inmates. However, there is no *respondeat superior* liability under § 1983. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988); *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). As there is no *respondeat superior* liability under § 1983, in order to hold Sheahan liable, Moore must allege that his injury was a product of any of three actions: (1) an express policy of the municipality; (2) a widespread practice that is so well-settled as to amount to a policy; or (3) the action of a person with final policymaking authority for the municipality. *See Monell v. Department of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Perkins*, 32 F.3d at 875 (7th Cir. 2002).

In the instant case, Moore seeks to hold Sheriff Sheahan, in his official capacity, liable on a theory of "failure to train."[1] However, "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference may be shown if a municipality fails to provide training either to address 1) a "recurring situation that presents an obvious potential for a constitutional violation and this failure to train results in a constitutional violation" or 2) "a pattern of constitutional violations by the police." *Dunn v. City of Elgin, Illinois,* 347 F.3d 641, 646 (7th Cir. 2003).

In the present case, Moore's complaint alleges no express policy of Cook County to ignore the safety of its prisoners, nor does Moore claim that the officers involved in allowing the stabbing are the final policymakers for the County. However, Moore does allege that Sheahan failed to provide adequate training, a failure which amounted to deliberate indifference. At this point, Moore's allegations are sufficient to put Sheahan

---

[1]Moore has not expressly indicated that he has brought suit against Sheahan in his official capacity. However, since Moore does not allege that Sheahan was personally involved in the events leading to his injury, and instead alleges that Sheahan failed to direct appropriate training in his role as supervisor of the John Doe Sheriffs, we construe his complaint as seeking damages against Sheahan in his official capacity.

on notice as to the nature of his claim, and accordingly, to survive a motion to dismiss. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

B.  Cook County

Moore seeks to hold Cook County liable under § 1983 as the public employer of Sheahan and the John Doe Sheriffs. However, Sheahan is independently elected and his office is not under the control of the Cook County Board of Commissioners. *See, e.g., Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Cook County does not control Sheahan or his department, and because it has no authority to train or set policies for the department, it cannot be liable for the Cook County sheriffs' alleged constitutional wrongs.

However, Cook County cannot entirely escape involvement in this lawsuit. The Seventh Circuit has held that, because under state law counties must pay damages or settlements entered into or levied against sheriffs' offices, a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer in an official capacity. *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 948 (7th Cir. 2003). Accordingly, although Cook County is not directly liable under 42 U.S.C. § 1983, we cannot dismiss it from this lawsuit.

C.  Illinois Law Claims

Moore further claims that the acts of the John Doe Sheriffs and Sheahan in failing to protect Moore during their scope of employment violated Illinois state law. Moore is barred from proceeding under Illinois law because the statute of limitations has expired. *Small v. Chao,* 398 F.3d 894, 898 (7th Cir. 2005) (district court may dismiss a claim based upon statute of limitations defense when it is apparent on the face of the complaint that the claim is indisputably time-barred).  The Illinois Local Governmental and Governmental Employees Tort Immunity Act states in part: "No civil action may be commenced in any court against a local entity or any its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILCS 10/18-101.  Plaintiff alleges the incident took place February 10, 2005 and subsequently filed this action on October 6, 2006.  Thus, to the extent that Moore is claiming that Sheahan and the John Doe Sheriffs have violated Illinois law, those claims are time barred because he failed to file the action within the one-year statute of limitations.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the complaint is granted in part and denied in part. Moore's Illinois state law claims are dismissed, as are his direct claims against Cook County for violations of 42 U.S.C. § 1983.

However, Cook County is not dismissed entirely, as it is still a necessary party for purposes of indemnification.

                                                             /s/ Charles P. Kocoras
                                                             Charles P. Kocoras
                                                             United States District Judge

Dated:   February 8, 2007